UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **HENRY C. MERRIDITH, JR.**[1]<br>**LA. DOC #409592**<br><br>**VS.**<br><br>**BURL CAIN, WARDEN** | **CIVIL ACTION NO. 04-1227**<br><br>**SECTION P**<br><br>**JUDGE MELANÇON**<br><br>**MAGISTRATE JUDGE METHVIN** |

### REPORT RECOMMENDING PARTIAL DISMISSAL
### OF A PETITION FOR WRIT OF HABEAS CORPUS

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about June 4, 2004 by *pro se* petitioner Henry C. Merridith, Jr. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving a life sentence imposed following his 1999 second degree murder conviction in Louisiana's Twenty-Seventh Judicial District Court, St. Landry Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

---

[1] Petitioner's pleadings and the published jurisprudence reveal alternative spellings for petitioner's surname. When he filed his pleadings, petitioner used the spelling, "Meredith" and that spelling was used by the Third Circuit Court of Appeals [see *State of Louisiana v. Henry Clay Meredith, Jr.*, 99-00625 (La. App. 3d Cir. 12/8/99), 759 So.2d 346] and the Louisiana Supreme Court. [See *State of Louisiana ex rel. Henry Clay Meredith, Jr. vs. State of Louisiana*, 2003-1305 (La. 4/23/2004), 870 So.2d 287]. However, on May 15, 2006 petitioner advised that his preferred spelling is "Merredith" [see doc. 11].

On March 9, 1999 petitioner was found guilty as charged of second degree murder following trial by jury in the Twenty-Seventh Judicial District Court. Sentencing delays were waived and the statutorily mandated sentence of life without benefit of parole was imposed. [doc. 1, p. 27]

Petitioner appealed his conviction to the Third Circuit Court of Appeals raising a claim of insufficiency of the evidence; petitioner argued that the evidence was insufficient to establish specific intent. Specifically, he argued that his marijuana and cocaine intoxication was such that he could not form the necessary specific intent to kill or inflict great bodily harm. [doc. 1, pp. 3-4] Petitioner's conviction and sentence were affirmed in an unpublished opinion on December 8, 1999. [*id.*; see also doc. 13-3, pp. 9-17; *State of Louisiana v. Henry Clay Meredith, Jr.*, 99-00625 (La. App. 3d Cir. 12/8/99), 759 So.2d 346.] Petitioner did not seek further direct review by filing a writ application in Louisiana's Supreme Court. [doc. 1, p. 4; doc. 13-1, p. 4]

On October 26, 2000, petitioner claims to have mailed a pro se Application for Post-Conviction Relief to the Twenty-Seventh Judicial District Court. [doc. 1, p. 5; p. 27] The pleading totaled 115 pages [doc. 13-4, pp. 1-68, doc. 13-5, pp. 1-47]; petitioner apparently mailed one copy to the St. Landry Parish Clerk of Court and one copy to the District Attorney. [see doc. 13-7, pp. 2-3, Louisiana State Penitentiary Mail receipts] On August 28, 2001, petitioner corresponded with the St. Landry Parish Clerk of Court and inquired about the status of his application for post-conviction relief. [doc. 13-7, p. 17] On December 5, 2001 petitioner filed an Application for Writ of Mandamus in the Third Circuit Court of Appeals. Therein he alleged that he had filed his Application for Post-Conviction Relief in the Twenty-Seventh Judicial District Court in October, 2000. He further alleged that when he received no response,

he wrote a letter of inquiry to the St. Landry Parish Clerk of Court on August 28, 2001. He also alleged that he received no response. He asked the appeals court to order a response. [doc. 13-7, pp. 5-18] Petitioner claims that his mandamus application was received and filed in the Third Circuit on February 6, 2002 and was assigned that court's docket number KH 02-00162. In any event, on March 18, 2002, the Third Circuit granted relief and observed,

> Information obtained from the St. Landry Parish Clerk's Office indicates that Relator's 'Post Conviction Relief Application' was never received and filed with their office. Accordingly, Relator's application is granted for the sole purpose of transferring the 'Post Conviction Relief Application' to the trial court for filing, consideration, and ruling thereon. This ruling should not be interpreted as requiring the trial court to address the merits of the claims raised by Relator if any procedural bases are applicable and will dispose of the application without reaching the merits.

[See doc. 13-1, p. 5; see also doc. 13-7, p. 20, *State of Louisiana v. Henry Clay Meredith*, Jr., No. KH 02-00162 (La. App. 3 Cir. 3/18/2002).]

The original application for post-conviction relief was apparently then filed in the District Court. That application argued the following claims for relief: (1) insufficiency of evidence; (2) ineffective assistance of counsel in that counsel failed (a) to develop the intoxication defense, (b) to subpoena expert witnesses, (c) to investigate sources of evidence which may be helpful, (d) to investigate or develop possible sources of evidence even though he knew of his client's history of drug abuse and even though he knew that the intoxication defense was the only viable defense, and, (e) to file a motion to suppress the confession; (3) the court erred when it allowed the petitioner's confession to be introduced into evidence even when the state failed to establish beyond a reasonable doubt that the confession was free and voluntary; (4) the court erred when it allowed petitioner's confession to be admitted since the confession was the fruit of an unlawful

arrest; and, (5) petitioner was denied his rights to equal protection and due process in the process which selected the foreman of the grand jury which indicted him, and petitioner was denied the effective assistance of counsel when his court-appointed attorney failed to file a timely motion to quash. [see doc. 13-4, pp. 32-33]

On April 5, 2002, the application was denied on the merits. The district court observed,

> The petitioner alleges ineffective assistance of counsel in violation of his Fifth, Sixth and Fourteenth Constitutional Rights. Petitioner also alleges, among other things, that defense counsel abandoned the petitioner's intoxication defense mentioned in opening statements, failed to use favorable evidence discovered by psychological evaluations of plaintiff, and failed to properly interview and investigate potential witnesses. The petitioner further alleges that the court erred when it allowed the defendant's confession to be submitted into evidence.
>
> After reviewing the facts of this case extensively, this court is of the opinion that the claims raised by petitioner or [sic] without merit and accordingly his application should be dismissed. This court is satisfied that the proceedings were conducted in accordance with the law and that the petitioner was afforded all the rights and privileges guaranteed to him by the Louisiana and United States Constitution. [doc. 1, p. 28]

On April 22, 2002 petitioner filed a notice of intent to seek writs. The district court set a return date of May 10, 2002. [doc. 13-7, pp. 24-25] Petitioner mailed his application to the Third Circuit on May 1, 2002. [doc. 13-7, pp. 27-28] The application for writs raised issues identical to those raised in the Application for Post-Conviction Relief. [doc. 13-7, pp. 29-52] On April 8, 2003 the Third Circuit denied relief and noted,

> The Relator failed to file a pretrial motion to quash the indictment in his case based on the allegedly unconstitutional method of selecting the grand jury foreman, thereby waiving any challenge to the makeup of the grand jury. See *Deloch v. Whitley*, 96-1901 (La. 11/22/96); 684 So.2d 349. As for the remaining claims, there is no error in the trial court's ruling denying Relator's application for post-conviction relief. *State of Louisiana v. Henry Clay Meredith*, No. KH 02-00516 (La. App. 3 Cir. 4/8/2003) [doc. 13-8, p. 2]

On April 21, 2003 petitioner mailed a writ application to the Louisiana Supreme Court. [doc. 13-8, pp. 33-34] His writ application argued the identical claims raised in the District Court and the Court of Appeals. [doc. 13-8, pp. 31]

On April 23, 2004 the Supreme Court denied writs. See *State of Louisiana ex rel. Henry Clay Meredith, Jr. v. State of Louisiana*, 2003-1305 (La. 4/23/2004), 870 So.2d 287. [see also doc. 13-8, p. 38]

Petitioner signed his federal *habeas corpus* petition on May 29, 2004. [doc. 1, p. 135] He submitted it for mailing to the prison authorities on the same date. He argues claims identical to those raised in his Application for Post-Conviction Relief filed in the Twenty-Seventh Judicial District Court and in his subsequent writ applications in the Third Circuit and Supreme Court. Merridith's claims are as follows:

(1) **Insufficiency of evidence**

(2) **Ineffective assistance of counsel in that his attorney failed to:**
(A) develop facts regarding his intoxication defense;
(B) subpoena expert witnesses;
(C) investigate; and
(D) develop possible sources of evidence. [doc. 1, pp. 33-34]

(3) **Improper admission of his involuntary confession.** Petitioner contends that the State failed to prove that his statements were freely and voluntarily given, and provides ten specific examples to establish his general claim that his confession was not free and voluntary; these examples are designated as sub-parts A – J of the claim. [see doc. 1, pp. 34-35]

(4) **Improper admission of the confession because it was the fruit of an unlawful arrest.** Petitioner argues three specific examples to establish his general claim that his confession was the fruit of an unlawful arrest. These examples are designated as sub-parts A – C of the claim. [see doc. 1, p. 35]

(5) **Denial of equal protection and due process in the selection of the foreman of the grand jury which indicted him and ineffective assistance of counsel based**

>**upon counsel's failure to file a timely motion to quash**. Petitioner provides four specific examples of his Grand Jury claim, designated as sub-parts A – D. Sub-part C of claim 5 specifically argues a claim of ineffective assistance of counsel based on counsel's failure to timely file a motion to quash the grand jury indictment. [doc. 1, pp. 33-36]

When plaintiff failed to timely cure deficiencies in his pleadings, and when mail from the court was returned, an order striking the petition was entered on September 2, 2004. [docs. 2, 3, and 4] On February 21, 2006 petitioner corresponded with the court concerning the status of his petition. [doc. 5] On March 20, 2006 petitioner filed a motion seeking reinstatement of his petition. Therein petitioner established that his failure to comply with the original court order was due to circumstances beyond his control. [doc. 6] On March 28, 2006 the motion was granted and the matter was reopened. [doc. 7]

*Law and Analysis*

**1. Procedural Default of Grand Jury Claims**

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996). The burden is on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir. 1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir. 1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

The Third Circuit Court of Appeals dismissed petitioner's claims concerning the selection of the grand jury foreman citing, *Deloch v. Whitley*, 96-1901 (La. 11/22/96), 684 So.2d 389. In that case, the Louisiana Supreme Court opined,

> "All equal protection claims arising out of the selection or composition of grand juries in Louisiana remain subject to this state's procedural requirements. *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). Counsel must assert the equal protection claim in a pre-trial motion to quash or waive any complaint in that regard. *Francis*, 425 U.S. at 539-542, 96 S.Ct. at 1710-11; *State v. Lee*, 340 So.2d 180, 182 (La.1976) (motion to quash is the appropriate vehicle for challenging the validity of a grand jury indictment, composition, or selection process); *State v. Dillard*, 320 So.2d 116, 120 (La.1975) (failure to file a motion to quash before trial waives any challenge to the grand jury); *State v. White*, 193 La. 775, 192 So. 345, 348 (1939) (same); cf., *Johnson v. Puckett*, 929 F.2d 1067, 1069 (5th Cir.1991) ("At his trial, Johnson, a black male, moved to quash the indictment because of racial discrimination in the selection of the grand jury foreman but the motion was denied."); *Guice v. Fortenberry*, 661 F.2d 496, 501, n. 7 (5th Cir.1981) (same), *appeal after remand*, 722 F.2d 276 (5th Cir.1984)." *Deloch v. Whitley*, 684 So.2d at 349.

Under Louisiana law, a challenge to the legality of the grand jury venire must be made by a pretrial motion to quash. La.C.Cr.P. art. 533 provides (in relevant part): "A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds: (1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal." Art. 521 provides (in relevant part): "Pretrial motions shall be made or filed within fifteen days after arraignment [unless other provisions of law or the court allows otherwise for good cause]." Art. 535 provides (in relevant part): "A motion to quash on grounds other than those stated in Paragraphs A and B of this Article [which do not include challenges to the grand jury] shall be filed in accordance with Article 521... The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions."

The United States Fifth Circuit Court of Appeals has recognized that a Louisiana court's dismissal of a post-conviction claim based upon the above cited statutes, provides an "adequate and independent" state law ground prohibiting federal *habeas* review unless the federal *habeas* petitioner demonstrates both cause for the procedural default and actual prejudice resulting from the violation of federal law. *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997) *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).[2]

---

[2] "It is undisputed that Williams never filed a pretrial motion to quash, let alone a timely motion. Williams raised his claim based on the selection of the grand jury foreman for the first time during his state post-conviction proceedings. Therefore, under Louisiana law his claim is procedurally barred. *Deloch v. Whitley*, 684 So.2d 349, 350 (La.1996) (holding equal protection claim based upon discriminatory selection of grand jury foreman procedurally barred by defendant's failure to file a pretrial motion to quash)." *Williams v. Cain*, 125 F.3d 269 at 275, *cert*. denied, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).

Finally, "[A] federal district court may, in the exercise of its discretion, raise a *habeas* petitioner's procedural default, *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims." *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998).

2. Avoiding the Bar of Procedural Default – Cause and Prejudice or Miscarriage of Justice

When a state prisoner has defaulted on his federal claims in the state courts pursuant to an independent and adequate state procedural rule, he can avoid the bar of procedural default only if he can show (1) a miscarriage of justice exists (i.e. actual innocence), *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or (2) "cause for the noncompliance" with state law and "actual prejudice resulting from the alleged constitutional violation." *Coleman*, 501 U.S. at 750 (*quoting, Wainwright v. Sykes*, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin v. Johnson* 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he has been convicted. *Corwin*, 150 F.3d at 473; *Ward*, 53 F.3d at 108.

Furthermore, in order for a *habeas* petitioner to avoid procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor external to the defense" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488).

A defendant may show "cause" by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution. See *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, "In addition to cause, [he] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, but for the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003).

In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

**2. Petitioner's Claims of "Cause and Prejudice"**

Following the initial review of petitioner's claims, the undersigned directed him to amend his pleadings to provide copies of specific documents necessary for an evaluation to determine whether or not petitioner fully exhausted all claims, whether or not the claims were timely, and whether or not federal review of any of the claims was barred by the procedural default doctrine. Petitioner was directed to "...demonstrate that federal *habeas* review of any procedurally defaulted claims are not barred by the procedural default doctrine, e.g. facts demonstrating cause

and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case..." [doc. 12, p. 6].

Petitioner responded to this order on June 14, 2006 by filing copies of various state appeal and post-conviction pleadings. [doc. 13] However, he did not address the issues of procedural default, cause and prejudice or actual innocence.

Petitioner does not (nor can he) suggest that the procedural default identified by this court is not strictly or regularly applied by the courts of Louisiana; nor does he contend that the Third Circuit misapplied the procedural bar to his grand jury claims. Such contentions, would, of course, be without merit. See *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997) *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).

### a. Cause – Ineffective Assistance of Counsel

Instead, petitioner raises "cause and prejudice" by asserting a claim of ineffective assistance of counsel in conjunction with his grand jury claim. See doc. 1, p. 36, Claim 5(C), "Mr. Meredith was denied the effective assistance of counsel during pretrial proceedings, and counsel's constitutionally deficient performance was prejudicial to him at the pretrial stages of the institution of prosecution."

Petitioner has not shown that his counsel was ineffective. Petitioner provided documentary evidence which he claims shows discrimination in the selection of grand jury forepersons between the years 1950 – 1998. [Doc. 1, pp. 161-166] However, he was apparently indicted on April 29, 1998 [see doc. 1, p. 27], and he offers no evidence to establish the race of the foreperson who presided over his Grand Jury. In other words, he offers no evidence

suggesting discrimination in the selection of the foreperson of the Grand Jury which indicted him; instead, he offers conclusory allegations. Clearly then, he has not established that the failure of his trial attorney to file a motion to quash was evidence of deficient performance so as to establish the "cause" necessary to excuse his procedural default.

### b. Prejudice

In any event, even if deficient performance is presumed, it is abundantly clear that petitioner cannot demonstrate "prejudice." Compare *Pickney v. Cain*, 337 F.3d at 545.

Petitioner's "Statement of the Case" (accepted as true for the purposes of this Report) is as follows:

> Mr. Henry Clay Meredith, the petitioner herein, did not dispute that in the early morning hours of April 4, 1998, he killed his aunt, Ms. Shirley Ricard. In fact, he testified that he struck her a number of times with a baseball bat. The evidence established that the cause of death was trauma or injury to the brain and the brain stem. [doc. 1, p. 29]

Given the evidence against the defendant, a successful challenge to the grand jury would have served no purpose other than to delay the inevitable. See *Pickney v. Cain*, 337 F.3d at 545; see also *Sanders v. Cain*, 2003 WL 21920894 at *5 (E.D.La. 2003).

In short, petitioner has failed to show prejudice. He has not shown that "but for" his attorney's failure to file a motion to quash, the results of his trial would have been different. Where the petitioner has failed to show actual prejudice, federal courts should not consider procedurally defaulted equal protection claims. *Pickney v. Cain*, 337 F.3d at 546.

### c. Actual Innocence

As stated above, petitioner could obtain review of his procedurally defaulted claims upon a showing that this court's application of the procedural default doctrine would result in a "fundamental miscarriage of justice."

In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner's pleadings are insufficient to establish actual innocence. In fact, the petitioner's own "Statement of the Case" clearly establishes his guilt.

### 3. Ineffective Assistance of Counsel

Finally, to the extent that petitioner has asserted a separate claim of ineffective assistance of counsel based upon counsel's failure to timely file the motion to quash,[3] such a claim is without merit. The undersigned's conclusion, in the context of the procedural default doctrine, that petitioner suffered no prejudice as a result of counsel's failure to file a pre-trial motion to quash, also precludes relief on this ineffective assistance of counsel claim.

---

[3] See Claim 5(C) at doc. 1, p. 36, "Mr. Meredith was denied the effective assistance of counsel during pretrial proceedings, and counsel's constitutionally deficient performance was prejudicial to him at the pretrial stages of the institution of prosecution."

In order to prevail on an ineffective assistance of counsel claim, the petitioner must show not only that his counsel's performance was deficient, but also that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The undersigned's conclusion that petitioner failed to show either deficient performance or prejudice as a result of his attorney's failure to file a motion to quash precludes relief on his ineffective assistance of counsel claim, even though that particular claim was not the subject of a procedural default. Compare *Pickney v. Cain*, 337 F.3d at 546.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part: "...If it plainly appears from the face of the [*habeas*] petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal..." It is therefore recommended that petitioner's ineffective assistance of counsel claim be dismissed pursuant to Rule 4.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that **Claim 5, Sub-parts A, B, and D** (Racial Discrimination in the Selection of Grand Jury Foreperson) of the instant petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as **PROCEDURALLY DEFAULTED**.

**IT IS FURTHER RECOMMENDED** that **Claim 5, Sub-part C** (Ineffective Assistance of Counsel for Failing to Challenge the Discriminatory Practice of Selecting Grand Jury Forepersons) of the instant petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 29, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)